IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01993-BNB

DARRICK ALEXANDER,
    Plaintiff,

v.

JOHN HICKENLOOPER, Mayor, Denver,
GARY WHITTMAN, Denver Police Chief,
CHRISTOPHER FOEGEN, #95056, Denver Police,
RICHARD ROSENTHAL, Independent Monitor,
JOHN LAMB, Commander, Internal Affairs, and
JANE AND JOHN DOE, Denver Police,
    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 15 2010

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Darrick Alexander, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Alexander has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. The court must construe the complaint liberally because Mr. Alexander is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Alexander will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The court has reviewed the complaint and finds that it is deficient. First, Mr. Alexander lists five named individuals and an unknown number of Jane and John Does

as Defendants in the complaint, but he also indicates that he is suing the Defendants in their official capacities. To the extent Mr. Alexander is suing the Defendants in their official capacities, his claims properly are asserted against the City and County of Denver because official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." **Monell v. Department of Social Services**, 436 U.S. 658, 690 n.55 (1978). However, to the extent Mr. Alexander is asserting claims against the Defendants in their official capacities, those claims are deficient because he fails to identify any municipal policy or custom that caused the alleged violations of his rights. See **Dodds v. Richardson**, 614 F.3d 1185, 1202 (10th Cir. 2010) (discussing Supreme Court standards for municipal liability).

Although Mr. Alexander does not state specifically that he is suing the Defendants in their individual capacities, the Court construes the complaint liberally as also asserting individual capacity claims because Mr. Alexander has named a number of individuals as Defendants and § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." **Conn v. Gabbert**, 526 U.S. 286, 290 (1999). However, to the extent Mr. Alexander is asserting individual capacity claims, those claims are deficient because he fails to identify what any Defendant other than Christopher Foegen did that allegedly violated his rights. It also is not clear who the Jane and John Doe Defendants are.

For these reasons, Mr. Alexander will be ordered to file an amended complaint. Mr. Alexander must clarify in the amended complaint exactly who he is suing and what each Defendant did that allegedly violated his rights. Although Mr. Alexander may use fictitious names, such as Jane and John Doe, if he does not know the real names of the

2

individuals who allegedly violated his rights, he must provide sufficient information about each individual defendant identified as a Jane or John Doe to allow that defendant to be identified for purposes of service.

Mr. Alexander also is advised that the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." ***Garrett v. Selby Connor Maddux & Janer***, 425 F.3d 836, 840 (10th Cir. 2005). In order to state a claim in federal court, Mr. Alexander "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Personal participation is an essential allegation in a civil rights action. ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Alexander must show that each Defendant caused the deprivation of a federal right. ***See Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. ***See Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1948 (2009). Furthermore,

> when a plaintiff sues an official under ***Bivens*** or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his

3

own conduct and state of mind did so as well.

*Dodds*, 614 F.3d at 1198 (quoting *Iqbal*, 129 S. Ct. at 1949). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199. Accordingly, it is

ORDERED that Mr. Alexander file **within thirty (30) days from the date of this order** an amended complaint that complies with this order if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Alexander, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Alexander fails to file an amended complaint that complies with this order to the court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED October 15, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01993-BNB

Darrick Alexander
Prisoner No. 86806
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 10/15/10

GREGORY C. LANGHAM, CLERK

By _____
       Deputy Clerk