IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01993-BNB

DARRICK ALEXANDER,

    Plaintiff,

v.

CHRISTOPHER FOEGEN, #95056, Denver Police,
GERRY WHITTMAN, Denver Police Chief,
JOHN LAMB, Commander, Internal Affairs,
RICHARD ROSENTHAL, Independent Monitor,
JOHN HICKENLOOPER, Denver Mayor, and
JANE AND JOHN DOE, Denver Police,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 1 8 2010

GREGORY C. LANGHAM
              CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Darrick Alexander, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Alexander initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights were violated on November 12, 2007. On October 15, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Alexander to file an amended complaint that clarifies who he is suing and what each Defendant did that allegedly violated his rights. On November 15, 2010, Mr. Alexander filed an amended Prisoner Complaint.

Mr. Alexander has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B)(i), the Court must

dismiss the amended complaint at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. **See Neitzke v. Williams**, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended complaint in part as legally frivolous.

The Court must construe the amended complaint liberally because Mr. Alexander is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. **See id.**

Mr. Alexander claims in the amended complaint that Defendant Officer Foegen of the Denver Police Department violated his constitutional rights by subjecting him to an illegal seizure, an illegal search, and excessive force on November 12, 2007. Mr. Alexander specifically alleges that Officer Foegen lacked reasonable suspicion or probable cause for the search and seizure and that Officer Foegen assaulted him both physically and verbally and shot him during the course of their encounter. Mr. Alexander does not assert any specific claims against any Defendant other than Officer Foegen. In fact, no Defendant other than Defendant Foegen is mentioned anywhere in the amended complaint other than in its caption and in the list of parties on pages two

through four. Mr. Alexander does allege in the list of parties that Defendant Gerry Whitman, the Denver Police Chief, "failed to enforce the laws, ordinances, charter & rules & regulations of Police department for ill conduct" (Doc. #10 at 2); that Defendant John Lamb, Internal Affairs Commander for the Denver Police Department, "failed to enforce the laws, ordinances, rules & regulations pertaining to unsatisfactory police conduct (Doc. #10 at 2); and that Defendant Richard Rosenthal, Independent Monitor, "failed to enforce laws, ordinances, rules & regulations pertaining to illegal & unsati[s]factory police conduct & condoned such instead" (Doc. #10 at 3). Mr. Alexander also alleges in the list of parties that Defendant Denver Mayor John Hickenlooper

> has extensive legislative function[s] & takes a leading part in City administration & enforcing laws. The Mayor appoints the Chief of Police and guides and supports city departments with laws, by-laws, regulations & ordinances. He failed to reprimand . . . and/or del[e]gate sanctions for the illegal & unsati[s]factory conduct of Officer Foegen.

(Doc. #10 at 3.) Finally, Mr. Alexander alleges in the list of parties that the John and Jane Doe Defendants include

> any & all officers or officials who participated in the investigation of the afore[-]mentioned. Whom at any point became aware of Officer Foegen's illegal & unsatisfactory conduct, which would have been revealed in a procedural investigation. Those officers who failed to follow protocol for such occurrence. And those who failed to enforce or assist in the proper discipline for such conduct of a department employee as mandated by law, ordinance, or rule & regulation of the department or pertaining thereto.

(Doc. #10 at 3-4.)

Mr. Alexander indicates in the caption of the amended complaint that he is suing

3

the Defendants in their official capacities. As Magistrate Judge Boland advised Mr. Alexander in the order directing him to file an amended complaint, any claims he is asserting against Defendants in their official capacities properly are asserted against the City and County of Denver because official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." **Monell v. Department of Social Services**, 436 U.S. 658, 690 n.55 (1978). Magistrate Judge Boland also advised Mr. Alexander that any official capacity claims he may be asserting must identify a municipal policy or custom that caused the alleged violations of his rights. See **Dodds v. Richardson**, 614 F.3d 1185, 1202 (10th Cir. 2010) (discussing Supreme Court standards for municipal liability). Mr. Alexander fails in the amended complaint to identify any municipal policy or custom that caused the alleged violations of his rights. Therefore, the official capacity claims against all of the Defendants will be dismissed as legally frivolous.

The Court also finds that the individual capacity claims asserted against any Defendant other than Officer Foegen are legally frivolous. Magistrate Judge Boland construed the original complaint liberally as asserting individual capacity claims against all of the Defendants because Mr. Alexander had named a number of individuals as Defendants and § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." **Conn v. Gabbert**, 526 U.S. 286, 290 (1999). However, Magistrate Judge Boland also noted that, to the extent Mr. Alexander was asserting individual capacity claims, those claims were deficient because he failed to identify what any Defendant other than Officer Foegen did that allegedly violated his rights and it was not clear who the Jane and John

Doe Defendants were.

In order to correct these deficiencies and state a cognizable claim, Magistrate Judge Boland specifically advised Mr. Alexander that he must explain in the amended complaint "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Magistrate Judge Boland also advised Mr. Alexander that personal participation is an essential allegation in a civil rights action, *see Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976), and that, to establish personal participation, he must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). In other words, there must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds*, 614 F.3d at 1198 (quoting *Iqbal*, 129 S. Ct. at 1949). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the

5

defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199. Finally, Magistrate Judge Boland advised Mr. Alexander that the general rule that **pro se** pleadings must be construed liberally has limits and that "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Despite these explicit directions, Mr. Alexander fails to assert any specific claims against any Defendant other than Defendant Foegen, and he fails to allege specific facts that demonstrate what any Defendant did that caused the asserted violations of his rights. In fact, Mr. Alexander asserts the same claims for relief in the amended complaint that he asserted in the original complaint. The only difference between the two pleadings is that Mr. Alexander has included in the amended complaint the conclusory allegations quoted above regarding each individual Defendant's failure to enforce unidentified rules and regulations regarding police misconduct. Even construing the amended complaint liberally, these conclusory allegations are not sufficient to demonstrate personal participation in the alleged violations of Mr. Alexander's rights by any Defendant other than Officer Foegen. "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Therefore, Mr. Alexander's individual capacity claims against the Defendants

other than Officer Foegen will be dismissed as legally frivolous.

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that the remaining individual capacity claims asserted against Officer Foegen do not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Mr. Alexander's claims against the other Defendants in their individual capacities and against all Defendants in their official capacities will be dismissed as legally frivolous. Accordingly, it is

ORDERED that Mr. Alexander's official capacity claims against all Defendants and his individual capacity claims against all Defendants other than Officer Foegen are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that Defendants Gerry Whitman, John Lamb, Richard Rosenthal, John Hickenlooper, and Jane and John Doe are dismissed as parties to this action because the claims asserted against them are legally frivolous. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  18th  day of  November , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01993-BNB

Darrick Alexander
Prisoner No. 86806
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/18/10

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk