IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01993-LTB-MEH

DARRICK ALEXANDER,

    Plaintiff,

v.

CHRISTOPHER FOEGEN #95056, Denver Police,

    Defendant.

# RECOMMENDATION

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's "Request to Reconsider Courts Order to Defendants in their Official and their Individual Capacities" [filed December 20, 2010; docket #19], which the Court construes as a motion to alter or amend the District Court's November 18, 2010 order pursuant to Rule 59(e). (*See* docket #11.) The motion is referred to this Court for recommendation. (Docket #22.) The legal standard and result is clear to the Court, thus the Court need not review a response or reply. For the following reasons, the Court **RECOMMENDS** Plaintiff's motion be **DENIED**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140,

## I.     Background

Plaintiff asks the Court to reconsider the dismissal of Defendants Gerry Whitman, John Lamb, Richard Rosenthal, John Hickenlooper, and Jane and John Doe. (Docket #19 at 5.) The District Court dismissed the claims against these defendants in their individual capacities because Plaintiff "does not assert any specific claims against any Defendant other than Officer Foegen." (Docket #11 at 2, 4.) The District Court found that Plaintiff failed to establish the six dismissed defendants' personal participation affirmatively linking the alleged constitutional violation and each individual defendant. (*Id*. at 5.) The District Court additionally dismissed the claims against these six defendants in their official capacities because such claims should properly be asserted against the City and County of Denver. (*Id*. at 4.) The District Court restated the direction given to Plaintiff by Magistrate Judge Boland in his order directing Plaintiff to file an amended complaint, issued October 15, 2010. (*See* docket #8.) Plaintiff did not heed Magistrate Judge Boland's instructions as to the filing of his amended complaint, thus the District Court found that Plaintiff failed to correct the stated deficiencies and dismissed Plaintiff's official and individual capacity claims against these six defendants as legally frivolous. (Docket #11 at 6-7.)

In this motion, Plaintiff requests reconsideration of the District Court's order. Plaintiff refers to Magistrate Judge Boland's order, pre-dating Plaintiff's Amended Complaint. (Docket #4.) The Court, in recommending denial of this motion for reconsideration, considers both Magistrate Judge Boland's order and District Judge Brimmer's order issued November 18, 2010. (*See* dockets ##5, 11.)

---

155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

Plaintiff asserts that, in his Amended Complaint, he "clearly identifies each defendant and details what they did and or failed to do." (Docket #19 at 2.) Plaintiff then offers additional argument in support of his now-dismissed claims. Plaintiff alleges that the dismissed defendants failed to train, to provide oversight, to be accountable, and to discipline. (*Id.* at 3.) Plaintiff cites *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978) and *City of Canton v. Harris*, 489 U.S. 378 (1989), but does not explain the applicability of these cases to his claims. (*Id.*) Plaintiff suggests that Defendant Foegen "has at least priors of excessive force. His superiors allowing him to remain on duty aided in the deprivation of [Plaintiff's] constitutional right to be free from excessive force." (*Id.* at 4.) Plaintiff conclusively states that the dismissed defendants "should have known about Foegen's potential and did nothing to prevent it." (*Id.* at 5.)

## II. Discussion

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). A litigant who is subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Id.* Determining the rule that applies to a motion to reconsider depends on the time such motion is served. *Id.* A motion to reconsider filed within the time allowed under Fed. R. Civ. P. 59(e) should be considered pursuant to Rule 59(e), and a motion filed after the time allowed under Rule 59(e) should be considered pursuant to Rule 60(b).[2] *See id.* Fed R. Civ. P. 59(e) requires that a motion to alter or amend be

---

[2] Effective December 1, 2009, Rule 59(e) is amended to provide that a motion to alter or amend a judgment may be filed within twenty-eight days after the entry of judgment. Previously, Rule 59(e) stated that a motion to alter or amend a judgment should be filed within ten days. In *Van Skiver*, the court held that if a motion was filed within ten days of a judgment it would be

3

"filed no later than 28 days after the entry of the judgment." Fed. R. Civ P. 59(e) (2010).

Here, the Court looks to the date identified on the motion itself, December 16, 2010, as Plaintiff is incarcerated. The Court is obligated to consider with lenience the mailing procedures in place in correctional facilities. *See Jarrett v. US Sprint Commc'ns Co.*, 22 F.3d 256, 259 (10th Cir. 1994) (citing *Houston v. Lack*, 487 U.S. 266 (1988)) ("a prisoner's notice of appeal is 'filed' when it is given to prison authorities for mailing to the district court"). Thus, the Court concludes that Plaintiff filed this motion seeking reconsideration of the District Court's order within twenty-eight days after the order was entered. The Court analyzes Plaintiff's motion pursuant to Rule 59(e).[3] *See Van Skiver*, 952 F.2d at 1243.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted); *see also Phelps v. Hamilton,* 122 F.3d 1309, 1324 (10th Cir. 1997). A motion for reconsideration is inappropriate to re-argue an issue previously addressed by the court when the motion merely advances new arguments or supporting facts which were available at the time of the original application. *Paraclete*, 204 F.3d at 1012. Thus, such a motion is not a proper vehicle

---

considered pursuant to Rule 59(e), which reflected the time that was given to file under 59(e) at the time of the decision: ten days. *See* 952 F.2d 1241. As the 2009 amendment to Rule 59(e) allows for twenty-eight days to file, this Court will consider a "motion to reconsider" pursuant to Rule 59(e) if it is filed within twenty-eight days of a judgment, consistent with the Tenth Circuit's determination in *Van Skiver*.

[3]The Court must construe the Plaintiff's Motion to Reconsider liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). In light of this obligation, the Court concludes that Rule 59(e) is the correct standard to apply, not only due to the timing of Plaintiff's motion, but also because Rule 59(e) is a more favorable analysis for the Plaintiff.

through which to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* However, a motion to alter or amend that reiterates issues originally raised in the application and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position is correctly asserted pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver,* 952 F.2d at 1244.

Here, Plaintiff's motion refers to no "intervening change in controlling law" nor "the availability of new evidence." Thus, the Court construes Plaintiff's motion under the third ground that could justify reconsideration. For the reasons stated below, this Court finds no clear error nor manifest injustice resulting from the District Court's order.

In essence, Plaintiff argues that the District Court misunderstood his position as to his individual and official capacity claims against Defendants Gerry Whitman, John Lamb, Richard Rosenthal, John Hickenlooper, and Jane and John Doe. Plaintiff offers additional contentions in support of his belief that these defendants are properly named. However, the Court finds that these allegations do not materially differ from what Plaintiff presented in his Amended Complaint, as evaluated by the District Court. (Docket #11.) Thus, the District Court did not misapprehend the claims as originally presented. Nothing indicates that the Court misapplied the law or misunderstood Plaintiff's position. This attempt by Plaintiff to advance an argument now that was previously evaluated by the District Court cannot serve as a proper basis to alter or amend the order dismissing Defendants Gerry Whitman, John Lamb, Richard Rosenthal, John Hickenlooper, and Jane and John Doe. *See Parclete*, 204 F.3d at 1012.

**III.     Conclusion**

Accordingly, the Court **RECOMMENDS** Plaintiff's "Request to Reconsider Courts Order to Defendants in their Official and their Individual Capacities" [filed December 20, 2010; docket #19] be **DENIED**.

Dated at Denver, Colorado, this 28th day of December, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge