IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01993-LTB-MEH

DARRICK ALEXANDER,

    Plaintiff,

v.

CHRISTOPHER FOEGEN #95056, Denver Police,

    Defendant.

---

## ORDER GRANTING MOTION TO STAY DISCOVERY

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendant's Motion to Stay Discovery Pending Disposition of Motion to Dismiss for Lack of Subject Matter Jurisdiction [filed February 15, 2011; docket #46]. The motion is referred to this Court for disposition.  (Docket #47.)  The Court does not require a response in order to make its determination, nor would oral argument assist the Court in its adjudication.  For the reasons stated below, the Court **GRANTS** Defendant's Motion to Stay Discovery.

Defendant filed a motion to dismiss in response to Plaintiff's complaint, asserting that Plaintiff's claims are barred by the statute of limitations.  The motion is fully briefed.  Defendant asks the Court to stay discovery pending resolution of the motion to dismiss.  Defendant asserts that a stay is permissible pending determination of a dispositive motion, particularly a dispositive motion that raises a jurisdictional defense.  Considering the facts at hand, the Court agrees.

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court.  *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).  A stay of all

discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003).

The following five factors guide the Court's determination:

(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay of discovery is appropriate in this matter. The Court balances Plaintiff's desire to proceed expeditiously with his case against the burden on Defendant of going forward. There can be no doubt that Plaintiff has an interest in proceeding expeditiously, but his interest is offset by Defendant's burden. Here, Defendant filed a motion to dismiss all claims against him on jurisdictional grounds, based upon the applicable statute of limitations. Courts have routinely held that discovery should be stayed while the issues related to jurisdiction are being resolved. *E.g., String Cheese Incident, LLC*, 2006 WL 894955 at *2 (a stay of discovery is appropriate pending resolution of a motion to dismiss for lack of personal jurisdiction). On balance, the Court finds that the potential harm to Plaintiff is outweighed by the burden on Defendant resulting from conducting and responding to discovery while the motion to dismiss is pending.

The remaining *String Cheese* factors (*i.e.*, the Court's efficiency and interests of nonparties and the public in general) do not prompt a different result. *See id.* Accordingly, the Court finds a

stay of discovery pending resolution of the motion to dismiss is appropriate, thus Defendant's motion to stay is hereby **granted**.

Dated at Denver, Colorado, this 17th day of February, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge