IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01993-LTB-MEH

DARRICK ALEXANDER,

    Plaintiff,

v.

CHRISTOPHER FOEGEN #95056, Denver Police,

    Defendant.

---

## *AMENDED*[1] RECOMMENDATION FOR DISMISSAL WITH PREJUDICE

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant's Motion to Dismiss the Amended Prisoner Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [filed December 21, 2010; docket #20]. The motion is referred to this Court for recommendation. (Docket #21.) The matter is briefed, and oral argument would not assist the Court in its adjudication. For the following reasons, the Court **RECOMMENDS** Defendant's motion be **GRANTED** and Plaintiff's Amended Complaint be **dismissed with prejudice**.[2] Additionally, the Court **DENIES** as futile Plaintiff's Motion for Extension of Time

---

[1] The March 15, 2011 Recommendation (docket #53) is amended to the extent that the Court herein addresses Plaintiff's motion for an extension of time in which to submit a motion for leave to file a Second Amended Complaint. As stated below, the Court concludes that amendment would not cure the stated deficiency, thus amendment would be futile, and the motion is denied.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to

[filed March 16, 2011; docket #54].

**I.     Background**

Plaintiff initiated this lawsuit *pro se* on August 19, 2010. (Dockets ##1, 3.) Plaintiff filed an Amended Complaint on November 15, 2010. (Docket #10.) The District Court dismissed certain defendants and claims on November 18, 2010. (Docket #11; *see also* docket #31.) Remaining are Plaintiff's allegations against Defendant Foegen, asserting that Defendant Foegen violated various constitutional rights during a traffic stop on November 12, 2007. (*See* docket #10 at 8.) Plaintiff claims Defendant Foegen 1) violated his Fourth Amendment right to be free from unreasonable search and seizure; 2) was unnecessarily intrusive; 3) conducted a search of Plaintiff's pockets without probable cause; 4) used physical force against Plaintiff; 5) failed to recite the Miranda warnings when arresting Plaintiff; 6) used excessive force against Plaintiff; 7) assaulted Plaintiff; 8) broke Plaintiff's ribs, committing a first degree assault; 9) shot Plaintiff, thus committing "malicious assault with a deadly weapon;" 10) used deadly force against Plaintiff; 11) intended to murder Plaintiff; 12) violated the Eighth Amendment prohibition against cruel and unusual punishment by these acts; 13) used a racial slur against Plaintiff; and 14 and 15) caused Plaintiff to experience mental anguish.

Defendant Foegen responded to Plaintiff's Amended Complaint with the motion to dismiss presently before the Court. Defendant asserts that all claims against him should be dismissed

---

proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

because they are barred by the applicable two-year statute of limitations. (Docket #20 at 2.) Defendant contends that "[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." (*Id*. at 6 (citing *Johnson v. Johnson Cty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991)).) Therefore, Plaintiff had to bring this action on or before November 12, 2009, as the police action occurred on November 12, 2007.

In response, Plaintiff represents that he filed a lawsuit regarding the same allegations on April 4, 2008. Plaintiff believes that because the first lawsuit fell within the statute of limitations, the case at hand should relate back to the date of filing of the first lawsuit. (Docket #38 at 2, 4.) Plaintiff asserts that his inability to comply with the *in forma pauperis* ("IFP") obligations constitutes excusable neglect, thereby permitting relation back. (*Id*. at 3-4.) Plaintiff further contends that the doctrine of equitable tolling applies here, as he diligently attempted to comply with his IFP obligations but the earlier case was dismissed in any event. (*Id*. at 4.) Plaintiff argues that his placement in administrative segregation for twenty-two months, as well as the medical care he received after the November 12, 2007 incident, should toll the applicable limitations period. (*Id*. at 4-5.)

In reply, Defendant asserts that Rule 15(c), which governs the relation back of amendments, does not provide Plaintiff relief from the statute of limitations. (Docket #37 at 2.) Defendant explains that this rule contemplates the amendment of an existing pleading, not one that was dismissed. (*Id*. at 2-3.) Defendant further avers that Plaintiff fails to meet his burden that equitable tolling applies to this matter, as Plaintiff cannot show that Defendant Foegen concealed the objectionable conduct. (*Id*. at 3.) Finally, Defendant suggests that Plaintiff was not diligent in

pursuing this matter, thus the two-year statute applies, and Plaintiff's case should be dismissed. (*Id.* at 4.) For the following reasons, the Court agrees with Defendant.

## II.     Standards of Review

### *A.     Construction of a Pro Se Plaintiff's Complaint*

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

### B.   *Rule 12(b)(6): Failure to State a Claim*

Dismissal on the ground that a claim is barred by the statute of limitations is reviewed under the Rule 12(b)(6) failure to state a claim standard because a statute of limitations defense is not jurisdictional. *Day v. McDonough,* 547 U.S. 198, 205 (2006); *Marten v. Godwin,* 2009 WL 2475257 at *2 n. 8 (D. Kan. Aug. 12, 2009). To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

The Rule 12(b)(6) evaluation requires two prongs of analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949.

The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp.*, 550 U.S. at 555 (quoting

*Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id*. (quotation marks and citation omitted).

### III. Analysis

The Tenth Circuit "made clear that the statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006). "A Section 1983 action 'accrues when facts that would support a cause of action are or should be apparent.'" *Id*. (quoting *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995)). As referred to by Defendant, "[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." *Johnson*, 925 F.2d at 1301.

Plaintiff filed his motion to proceed *in forma pauperis* on August 12, 2010, and his initial complaint on August 19, 2010. (Dockets ##1, 3.) The Certificate of Service included with the Complaint is dated June 15, 2008, and the Complaint is dated as executed on October 20, 2009. (*See* docket #3 at 14, 18.) Given the significant disparity between these dates the date Plaintiff actually initiated the lawsuit, the Court accepts August 12, 2010, as the date Plaintiff commenced this action for purposes of the statute of limitations evaluation. Therefore, any event complained of by Plaintiff accruing before August 12, 2008, is outside of the applicable statute of limitations period.

As described in the Amended Complaint, the event giving rise to this lawsuit occurred on November 12, 2007.  (*See* docket #10 at 5.)  In his response, Plaintiff informed the Court that he filed a case concerning the facts at hand in 2008.  Plaintiff provided an incorrect case number; however, upon the Court's investigation of its own records, the Court finds that Plaintiff filed two previous cases alleging the same violations as in this matter, Nos. 08-cv-00689-ZLW and 10-cv-01217-ZLW.[3]  Both cases were dismissed without prejudice for Plaintiff's failure to comply with his IFP obligations.  *See* Case No. 08-cv-00689-ZLW (docket #8); Case No. 10-cv-01217-ZLW (docket #7).

Plaintiff relies on Rule 15(c) for the proposition that the case at hand should relate back to the case filed in 2008, within the statute of limitations.  However, even though Plaintiff initiated the 2008 case within the statute of limitations, "a separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim." *Marsh v. Soares*, 223 F.3d 1217, 1219 (10th Cir. 2000) (citing *Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994)).  Thus, the lawsuit at hand does not relate back to the first suit filed by Plaintiff and is outside of the statute of limitations by approximately nine months.

Moreover, application of the equitable tolling doctrine produces no different result.  "The doctrine of equitable tolling may save plaintiff's claims from a statute of limitations defense, but under Colorado law, courts rarely apply the doctrine." *Fogle v. Slack*, No. 05-cv-1211-KHV, 2010 WL 2757374, at *2 (D. Colo. July 13, 2010) (citing *Escobar v. Reid,* 668 F. Supp. 2d 1260, 1272

---

[3] "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson,* 211 F.3d 560, 568 (10th Cir. 2000), abrogated on other grounds by *McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

(D. Colo. 2009)). Equitable tolling is limited to situations in which (1) defendant has wrongfully impeded plaintiff's ability to bring the claim or (2) truly extraordinary circumstances prevented plaintiff from filing his claim despite diligent efforts. *Id.* (citation omitted). There is no indication of either situation in this matter. In fact, it is clear to the Court that Plaintiff did not diligently pursue his claims, as the two previous lawsuits concerning the November 12, 2007 event (with only the first being withing the limitations period) were dismissed without prejudice due to his failure to comply with his IFP obligations.[4] As to Plaintiff's assertion that his incarceration tolls the limitations period, the fact of Plaintiff's incarceration is more the norm than a special circumstance in this type of case before this Court, and therefore, does not provide an extraordinary circumstance for the Court's consideration.

Plaintiff filed a letter requesting an extension of time in which to submit a motion for leave to file a Second Amended Complaint. (Docket #54.) "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010). Amendment would be futile when a claim is barred by the statute of limitations. *Id.* As stated above, Plaintiff's claim falls outside of the statute of limitations period, and amendment would not cure this deficiency. Therefore, the Court denies as futile Plaintiff's request for an extension of time and recommends that his Amended Complaint be dismissed.

---

[4]The Court further finds that Plaintiff's filing of the two previous lawsuits contradicts his assertion that he was precluded from timely filing a lawsuit due to receiving medical care. (*See* docket #38 at 5.) The Complaint filed on April 4, 2008, substantially reflects (if not identically mirrors) the pleading at hand. Plaintiff's earlier filing demonstrates to the Court that his capacity to timely file a lawsuit was not diminished due to receiving medical care.

## IV.  Conclusion

Accordingly, the Court **RECOMMENDS** Defendant's Motion to Dismiss the Amended Prisoner Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [filed December 21, 2010; docket #20] be **GRANTED** and Plaintiff's Amended Complaint be **dismissed with prejudice** as barred by the applicable statute of limitations.  Further, the Court **DENIES** as futile Plaintiff's Motion for Extension of Time [filed March 16, 2011; docket #54].

Respectfully entered and dated this 21st day of March, 2011, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge